UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-65-PEP

AUDREY CANTRELL,                                                                    PLAINTIFF,

V.         **MEMORANDUM OPINION**
           **AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                                    DEFENDANT.

## I. INTRODUCTION

Plaintiff, Audrey Cantrell, has filed a motion under 28 U.S.C. § 2412(d)(1)(A) requesting an award of attorney fees. [Record No. 17.] Jurisdiction is proper as this matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1) and upon the previous entry of a Final Judgment remanding this matter to the Defendant Commissioner for further proceedings. [Record No. 15.] For the reasons set forth herein, Plaintiff's motion for attorney fees shall be denied.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1

Plaintiff filed her application for a period of disability, disability insurance benefits, and supplemental security income on June 23, 1998. (Tr. 50-53, 103-106.) The claim was denied initially and on reconsideration. (Tr. 23-25, 112-115, 117-120.) On April 3, 2001, an administrative hearing was conducted by Administrative Law Judge Michael O. Demouy (hereinafter "ALJ"). (Tr. 121-144.) On August 1, 2002, the ALJ found that Plaintiff was not disabled and therefore did not qualify for a period of disability, disability insurance benefits, and supplemental security income. (Tr. 11-17.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 2, 2005. (Tr. 4-6.)

On February 25, 2005, Plaintiff sought judicial review in this court under 42 U.S.C. § 405(g) to challenge the final decision of the Defendant Commissioner denying her application for a period of disability, disability insurance benefits, and supplemental security income. (Record No. 2.) Thereafter, on May 19, 2005, Plaintiff moved for summary judgment. (Record No. 12.) In response, on June 28, 2005, Defendant Commissioner moved this Court to enter judgment and remand the action to the agency for further consideration pursuant to "sentence four" of 42 U.S.C. § 405(g). (Record No. 13.) On July 1, 2005, this Court granted Defendant Commissioner's motion, entered a Final Judgment reversing the final decision of the Defendant Commissioner and remanded the action for further consideration. (Record

Nos. 14-15.) On August 3, 2005, Plaintiff filed the motion for attorney fees presently under consideration. (Record No. 17.)

### III. ANALYSIS

By enacting the Equal Access to Justice Act (hereinafter "EAJA"), Congress intended to reduce the economic imbalance between an individual claimant and the government and thereby reduce the inherent economic disincentive to challenging unreasonable bureaucratic conduct. See Pierce v. Underwood, 487 U.S. 552, 575 (1988) (Brennan, J., concurring in part and concurring in the judgment); Kreimes v. Dep't of Treasury, 764 F.2d 1186, 1190 (6th Cir. 1984). To this end, one provision of the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

28 U.S.C. § 2412(d)(1)(A) (emphasis added).[1]

As the Defendant Commissioner concedes, Plaintiff prevailed in a proceeding for judicial review of an agency action when this Court entered the Judgement

---

[1] "Reasonable attorney fees" are encompassed within the definition of "fees and other expenses." 28 U.S.C. § 2412(d)(2)(A).

reversing the final decision of the Defendant Commissioner and remanding the action to the agency for further consideration. See Shalala v. Schaefer, 509 U.S. 292, 300-301 (1993) (holding that a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party).

Therefore, to defeat a claim for attorney fees, the Defendant Commissioner must demonstrate that at least one of the exceptions apply. See Comm'r of Immigration & Naturalization Serv. v. Jean, 496 U.S. 154, 158 (1990) (noting that eligibility for a fee award requires (1) that the claimant be a prevailing party, (2) that the government's position had been substantially unjustified, and (3) that no special circumstances make an award unjust). The Defendant Commissioner does not argue that the position of the Social Security Administration was substantially justified. Instead, the Defendant Commissioner asserts that special circumstances in the administrative adjudicatory process would make an award of attorney fees unjust.

The special circumstances exception acts as a safety valve. It gives courts discretion to deny attorney fees awards where equitable considerations dictate an award should not be made. See Scarborough v. Principi, 541 U.S. 401, 423-424 (2004); Townsend v. Comm'r of Soc. Sec., 415 F.3d 578, 583 (6th Cir. 2005); see also H.R. Rpt. 96-1418, at 11.

In this case, equity should be considered in the context of the administrative

adjudicatory process. In making a disability determination, the ALJ has an obligation to develop the record and investigate the facts, thereby developing arguments both for and against granting benefits. See Sims v. Apfel, 530 U.S. 103, 110-111 (2000); Johnson v. Sec'y of Health & Human Servs., 749 F.2d 1106, 1111 (6th Cir. 1986). However, the ultimate responsibility of proving disability and providing medical evidence thereof rests with the claimant. See Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001); Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 214 (6th Cir. 1986); see also 20 C.F.R. § 404.1512. Where the record contains insufficient evidence to make a disability determination, the ALJ may, in her discretion, provide a consultative examination in order to more fully develop the record. See Landsaw, 803 F.2d at 214; Deaton v. Sullivan, 1990 U.S. App. LEXIS 3538 at *11-12 (6th Cir. Mar. 9, 1990); see also 20 C.F.R. § 404.1512.

In the instant case, the claim file was lost sometime between the date of the reconsideration decision and the administrative hearing. (Tr. 124.) It appears, however, that the only effort to reconstruct the claim file and develop the evidence in the record came from the ALJ. Plaintiff does not deny Defendant Commissioner's claim that Plaintiff and her counsel took no action to provide the medical evidence necessary in the disability determination. Furthermore, in an effort to develop the medical evidence, the ALJ scheduled an orthopedic consultative examination. (Tr. 79,

82-83.)  Without notice or adequate excuse, Plaintiff missed the appointment.[2]  (Tr. 87.)

This is not a case where because the ALJ made no effort to develop the record, a disability determination was made, through no fault of the claimant, on the basis of an insufficient record.  Compare Griffin v. Sec'y of Health & Human Servs., 1994 U.S. Dist. LEXIS 13856 at * (N.D. Ohio Sept. 26, 1994) (awarding attorney fees where the ALJ made no effort to develop the medical evidence and issued a decision without any evidence relating to a relevant condition), with Bryant v. Apfel, 37 F. Supp. 2d 210, (E.D.N.Y 1999) (even though the ALJ was partly at fault in failing to develop the medical evidence, denying a request for attorney fees where claimant's counsel did not seek or produce medical records).  In Bryant, the Court provided a compelling justification for denying attorney fees where a claimant is negligent in producing necessary medical records:

> To grant [attorney] fees . . . would create a perverse incentive for a [claimant's] counsel to fail to develop the record at the administrative [hearing] and before the district court if he or she has any doubt whether additional records will support the client's claim.  Put another way, rather than seeking to develop the record, [claimant's] counsel might prefer to rest with an attack of an ALJ's failure to develop the record.  In this way, counsel might strategize that an award of attorney's fees would be forthcoming even if the client's claim ultimately proved to be without

---

[2] The Regulations provide that failure or refusal to participate in a consultative examinations is grounds for a finding of not disabled.  20 C.F.R. § 404.1518(a).

6

merit.  The law should not promote such a wrong-headed-incentive.

Id. at 214.  An award of attorney fees herein would similarly create an incentive harmful to an efficient and constructive administrative adjudicatory process.

## IV.  CONCLUSION

In sum, considering the equities in this case, an award of attorney fees is inappropriate.  Plaintiff failed to produce the medical evidence necessary for a disability determination.  Plaintiff was also uncooperative with the ALJ's effort to develop the medical evidence.  Under such circumstances, it would be unjust to penalize the Defendant Commissioner.  Therefore, for the reasons set forth above,

IT IS ORDERED THAT Plaintiff's motion for attorney fees [Record No. 17] under 42 U.S.C. § 2412(d)(1)(A) is hereby denied.

Signed October 19, 2005.



Signed By:
Peggy E. Patterson  PEP
United States Magistrate Judge

Date of Entry and Service: