UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 05-65-EBA

AUDREY CANTRELL,                                                              PLAINTIFF,

V.                              **MEMORANDUM OPINION**
                                **AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]                                DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Audrey Cantrell, filed a motion under 42 U.S.C.A. § 406(b) requesting an award of attorney's fees.  [R. 23.]  Jurisdiction is proper as this matter has been referred to this Court for decision and entry of Final Judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1) and upon the previous entry of a final judgment remanding this matter to the Defendant Commissioner for further proceedings.  [R. 3, 7, 15.] For the reasons set forth herein, the Plaintiff's motion will be denied.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her application for a period of disability, disability insurance benefits, and supplemental security income on June 23, 1998. [R.22, citing Tr. 50-53, 103-106.]  The claim was denied initially and upon reconsideration. [R. 22, citing Tr. 23-25, 112-115, 117-120.] On April 3, 2001, an administrative hearing was conducted by Administrative Law Judge [ALJ] Michael O. Demouy.  [R. 22 at 2, citing Tr. 121-144.]  However, the Social Security Administration [SSA] lost

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007.

1

Plaintiff's file sometime between reconsideration and the hearing.  [R. 22 at 5, citing Tr. 124.] Therefore, several pieces of medical evidence were unavailable for consideration by ALJ Demouy. [R. 12 at 2-3, citing Tr. 124.]

The SSA attempted to reconstruct the file by requesting copies of the missing medical evidence from various facilities. [R. 12 at 2, citing Tr. 126.]  Plaintiff admitted that she missed two consultative examinations scheduled by the SSA in their attempt to reconstruct the record. [R. 12 at 5.]

On August 1, 2002, the ALJ issued his decision finding the Plaintiff not disabled. [R. 22 at 2, citing Tr. 11-17.]  The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner of Social Security ("Commissioner") on February 2, 2005.  [R. 22 at 2, citing Tr. 4-6.]

Plaintiff sought judicial review in this Court, and on May 19, 2005, Plaintiff argued in her Motion for Summary Judgment that the Commissioner's final decision was not supported by substantial evidence. [R. 12 at 2.] The Defendant filed a Motion to Enter Judgment and to Remand on June 28, 2005 to allow SSA to "further develop Plaintiff's medical history." [R. 13 at 1.] Magistrate Judge Peggy E. Patterson[2] granted the Defendant's motion, remanded the case to the Commissioner, and denied Plaintiff's motion as moot. [R. 14, 16.]

On August 3, 2005, Plaintiff filed a motion before this Court requesting attorney's fees under the Equal  Access to Justice Act ("EAJA"). [R. 17.] Magistrate Judge Patterson denied the motion finding that  Plaintiff and Plaintiff's counsel failed to cooperate in reconstructing the record, which

---

[2]This case was assigned to this Court in August 2006 after the retirement of Magistrate Judge Patterson.

constituted a special circumstance under which an award would have been unjust. [R. 22 at 4-7.]

A Notice of Award of benefits was issued by the Commissioner on May 30, 2006, finding the Plaintiff disabled from November 1994 through August 2002. [R. 23, attachment 2.]

Plaintiff now seeks attorney's fees pursuant to 42 U.S.C.A. § 406(b). [R. 23.] The Commissioner does not object. [R. 24.]

III.  ANALYSIS

The issue before the Court is whether Plaintiff's attorney's fee is "reasonable" according to 42 U.S.C.A. § 406(b).  For the reasons stated herein, the Court finds that an award of fees in not appropriate.

A.  STANDARD OF REVIEW

Under § 406(b), when a plaintiff wins his or her claim for Disability Insurance Benefits [DIB] and is represented by an attorney, the court may award a "reasonable" fee for such representation with the caveat that the award not exceed twenty-five percent of total past due benefits.  42 U.S.C.A. § 406(b) (2007).  The federal judiciary bears the responsibility to ensure that attorney's fees are "reasonable and do not unduly erode the claimant's benefits."  *Royzer v. Sec. Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990).

Contingency fee agreements for no more than twenty-five percent of past-due benefits between social security claimants and their attorneys create   a "rebuttable presumption" of reasonableness.  *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).  Due deference is owed to the parties' written expression of their intentions regarding payment.  *Id.*  Additionally, a court should bear in mind the fact that an attorney will not prevail in every case, and fees in some cases compensate for the lack of fees in other cases.  *Royzer*, 900 F.2d at 982.  It is the contingency-based

3

process which most effectively protects the interests of claimants and attorneys. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (citing SSA Report 66).

However, a court is not bound by contingent fee agreements. *Rodriguez*, 865 F.2d at 746. The Sixth Circuit clarified the rebuttable presumption by stating that "automatic" approvals of contingent fees would be "unfortunate" and inconsistent with the court's intent. *Royzer*, 900 F.2d at 982. "Routine approval of [twenty-five percent] should be avoided in all cases." *Rodriguez*, 865 F.2d at 745. The appellate court predicted that perhaps "a great majority" of cases would call for a reasonable fee to be "much less" than twenty-five percent. *Id.*

One quarter of past-due benefits is a "benchmark," rather than reasonable *per se*. *Id.* at 746. It is a maximum award, reserved for "extensive effort . . . to overcome legal and factual obstacles" resulting in increased benefits for the claimant. *Id.* at 747. In order to effect fees, the actions of the attorney should "contribute [in a] meaningful way" to the disability determination and award amount. *Perez v. Sec. of Health & Human Servs.*, 881 F.2d 330, 335 (6th Cir. 1989).

A court should evaluate each claim for attorney's fees individually. *Glass v. Sec. of Health & Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987). Any deduction from the twenty-five percent must be explained. *Rodriguez*, 865 F.2d at 746. Cases are not appropriate for the full twenty-five percent fee where "boilerplate" pleadings are submitted and the attorney does not overcome legal or factual obstacles to the enhancement of the claimant's benefits. *Rodriguez* 865 F.2d at 747. There are two general categories of situations which would properly occasion a deduction from the contingent amount: 1) where counsel's conduct is improper or ineffective, and 2) where counsel would enjoy a windfall because of an inordinately large back-benefits award or counsel's minimal effort. *Id.* at 746. An attorney may not win increased fees due to a delay in payment caused by his or her own

4

planning or error.  *Id.* at 747.

      B.  PLAINTIFF'S ARGUMENT

Plaintiff's Motion for attorney's fees under § 406(b) focuses solely on the assertion that the amount requested is not a windfall under *Hayes v. Sec. of Health & Human Servs.*, 923 F.2d 418 (6th Cir. 1991).  *Hayes* illuminated the windfall circumstances by holding that such can never occur where a contingent fee agreement exists and the hypothetical hourly rate (determined by dividing the fee amount requested by the number of hours worked) is less than twice the standard rate for such work in the relevant market.  *Id.* at 422.   However, as illustrated by *Rodriguez v. Bowen*, 865 F.2d 739 (6th Cir. 1989), the windfall analysis is not the only consideration and the Court must consider other factors such as counsel's conduct and effectiveness.

The instant matter is analagous to the case of *Whitehead v. Richardson*, . 446 F.2d 1266 (6th Cir. 1971).  In that case, the Sixth Circuit found it proper to deny fees under § 406(b) where the attorney's services at the district court level were "limited" and where the attorney had been awarded fees by the Commissioner. *Id.* at 128-129.  Counsel in *Whitehead v. Richardson* represented the claimant during the administrative process, and after exhausting the administrative remedies, filed a complaint in federal court.  *Id.* at 127.   Rather than answering the complaint, the Commissioner  voluntarily requested remand for further action.  *Id.*  Upon remand, the Commissioner awarded benefits to the claimant.  *Id.* at 128.  Pursuant to that award and the federal-level complaint, counsel requested attorney's fees from the district court, which were denied.  *Id.* The court determined that because "substantially all" of the services rendered were at the administrative level and the attorney had been compensated for those services by the Commissioner, no fee for federal court representation was appropriate.  *Id.* at 129.  The appellate court held that the

district court acted within its discretion and that denial of fees was proper because of the narrow services provided at the federal level and because administrative fees had been approved by the Commissioner. *Id.* at 128.

The circumstances in the instant case are substantially similar to those in *Whitehead v. Richardson*. First, the attorneys in both instances represented their clients through the administrative process. [R. 22 at 5.] Second, both attorneys filed complaints in district court, which ultimately were moot when the Commissioner's requests for remand were granted. [R. 2, 16.] Although Plaintiff's counsel in the case *sub judice* filed a motion for summary judgment, the Court finds that the actions of consequence in both cases are very similar, namely, filing a complaint in district court. [R. 12.] Lastly, in both cases, the lion's share of attorney services affecting the claimants' awards were carried out and compensated at the administrative level. [R. 23 at 2-3.] Compare *Whitehead v. Barnhart*, 2006 WL 681168 (W.D. Tenn. Mar. 14, 2006)(The district court awarded a twenty-five percent contingent fee where the attorney, through diligence and expertise in social security cases, overcame factual and legal obstacles to uncover a "substantial under-calculation of past-due benefits," enhancing the claimant's award. *Id.* at *2.)

The Court remains mindful of other evidence weighing against the proposed reasonableness of the requested fee. First, the ultimate determination of disability resulted from the Commissioner's own request for remand to reconstruct the record rather than from any legal or factual obstacles overcome by Plaintiff. *See Rodriguez*, 865 F.2d at 747. Second, Plaintiff's request was untimely.[3] Finally, Plaintiff's attorney was found to be uncooperative in the Commissioner's

---

[3]Pursuant to Local Rule 54.4, Plaintiff had thirty days from date of judgment to request fees. Plaintiff was awarded benefits on May 30, 2006 [R. 23, attachment 2 at 1]. Plaintiff filed this request for fees nearly eleven months later, on April 27, 2007 [R. 23.]

6

efforts to reconstruct the record. [R. 22.] Plaintiff admits missing two scheduled consultative examinations scheduled by the commissioner for the purpose of reconstructing the medical evidence, without excuse.  [R. 12 at 5.] Plaintiff and her counsel were unobliging to the point that Magistrate Judge Patterson found that an award of fees under the EAJA would be "unjust." [R. 22.]

Therefore, the Court finds that an award of fees is not warranted in the instant matter based upon the narrow services provided by counsel at the federal level, as well as the fact that administrative fees have previously been awarded by the Commissioner. *See   Whitehead v. Richardson*, 446 F.2d at 128.  Finally, there is no showing that counsel in this matter overcame legal or factual obstacles to achieve an award for the claimant.

## IV.  CONCLUSION

In sum, the Plaintiff's Motion for Attorney's Fees is denied.  Plaintiff's lack of cooperation in reconstructing the record caused delay, without which an appeal to this Court may not have been necessary and therefore precludes an award.  For the reasons set forth above,

IT IS ORDERED THAT Plaintiff's motion for attorney's fees [R. 23] under 42 U.S.C. § 406(b) is hereby denied.

Signed July 3, 2007.



Signed By:

*Edward B. Atkins*  ℰβλ

**United States Magistrate Judge**